**In the Matter of Larry D. GREEN Sr., Debtor.**

**SUPERIOR INDUSTRIES OF NEBRASKA, INC., Plaintiff,**

**v.**

**Larry D. GREEN, Sr., Defendant.**

**Bankruptcy Nos. BK89–81098, A90–8014.**

United States Bankruptcy Court, D. Nebraska.

Dec. 21, 1990.

Thomas Dahlk of Lieben, Dahlk, Whitten, Houghton & Jahn, Omaha, Neb., for plaintiff.

John J. Respeliers of Respeliers and Harmon, P.C., Omaha, Neb., for defendant.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

This memorandum contains the findings of fact and conclusions of law required by Fed.R.Civ.P. 52 and Fed.Bankr.R. 7052. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

*Findings of Fact, Conclusions of Law and Discussion*

This debtor purchased certain assets used in his shoe repair business and gave an unsecured note for the obligation. His wife also signed the note and the agreement of purchase. The obligation was approximately $33,000.00 in February of 1988. The debtor operated the shoe repair business and used the equipment purchased. According to the agreement between the seller and the debtor and his wife, Plaintiff's Exhibit 5, a security agreement was included which granted a security interest in all of the personal property of the business. In addition, by separate agreement, a diamond ring worth several thousand dollars was treated as security and the seller took possession of the ring pending payment.

The shoe repair business included certain revenues from a contract to repair upholstery for a local trucking company. In late 1988 or early 1989, the debtor lost the

contract to a lower bidder. His revenues declined and he was required to incur credit card debt and borrow some funds from his wife for the continued operation of the business. His wife was not directly involved in the business with regard to shoe repair or upholstery, but occasionally acted as receptionist and counter person.

In January of 1989, the plaintiff in this case obtained a judgment against debtor in the amount of $12,500.00 in the State District Court. Other lawsuits apparently were filed against the debtor for various reasons. Shortly after the judgment was obtained, the debtor contemplated filing bankruptcy to protect himself, but did not do so until late summer of 1989.

On May 1, 1989, the debtor transferred all of his interest in the assets of the business to his wife and she assumed all of the obligation to the seller and agreed to hold the debtor harmless from any claim by the seller. That sale was represented by a bill of sale, Defendant's Exhibit 101 dated May 10, 1989, and recorded with the County Clerk of Douglas County, Nebraska, on June 26, 1989.

At the time of the transfer of the assets, the debt to the seller was approximately $15,000.00. The value of the equipment which was the subject of the debt was less than $5,000.00.

The debtor filed a Chapter 7 bankruptcy in August, 1989, and fully described the transfer of the assets to his wife. This creditor filed an objection to discharge under Section 727(a)(2) of the Bankruptcy Code. That section provides that the Court shall grant the debtor a discharge unless:

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition ...

This Court finds as a fact that the debtor did not transfer property within one year

of bankruptcy with the intent to hinder, delay or defraud creditors. The property that was transferred was the subject of a security interest. The debt against the property was approximately $15,000.00 and the property was worth less than $5,000.00. The debtor's wife, although a cosigner to the note, thereby being fully liable on the note, agreed, when taking a transfer of the assets, to hold the debtor harmless from any claim on the obligation to the seller. Such "hold harmless clause" is adequate consideration for the transfer.

In addition, the wife was not only completely liable pursuant to the original note, but may have actually been a joint owner, with the debtor, in all of the assets purchased. Because the documents used for the original purchase did not define the interest of the husband and wife, it is not clear who was the actual owner, whether the ownership was in common or joint tenancy. After the original purchase, the debtor operated the business as if it were his own and the parties testified that he operated it as a sole proprietorship.

The creditor presented expert testimony that the business was worth over $30,-000.00 at the time of the transfer. The expert based his opinion upon the capitalization of the earnings of the business, and not on the asset value. The expert also did not take into consideration the market for such a business in the community, nor did it take into consideration the amount of hours worked by the debtor at the time of the transfer. Although the expert testimony should be given credence, it is not necessarily binding upon the Court. The expert valued the property as if this was a going business that could be sold to an interested party who had the capacity to operate the business, repair shoes, market the services, obtain the right to use the leasehold, and work six days a week.

This Court finds as a fact that the business actually consisted of certain pieces of equipment that were worth less than $5,000.00 and the blood, sweat and tears of the debtor. Without the debtor's personal services to the business, it was worth nothing more than the sale value of the equip-

ment. The Court concludes this by viewing the evidence after the transfer took place in May of 1989. Mrs. Green did not take over and operate the business. All she did was keep the books, which probably helped the management of the business considerably. Mr. Green continued to provide the personal service labor necessary to perform the boot and shoe repair business. For such service he received a minimum wage. She was able to pay off the debt obligations from the net earnings of the business because he continued to work for her in a labor capacity. Without his minimum wage labor services, she would have required, as would any buyer, another shoe repair person to perform the labor services. Because of these facts, and because this was a sole proprietorship consisting only of equipment and "good will" attributable to the operator, this Court does not accept the value of the business as anywhere close to $30,000.00 at the date of transfer.

The only evidence that the creditor relies upon, in addition to the value of the business, to convince the Court that this was basically a fraudulent transfer under Section 727(a) is that a judgment had been entered a short time prior to the transfer. This Court acknowledges that all of the circumstances must be considered when looking at a Section 727(a) complaint. However, this Court cannot find as a fact that there was any intent to hinder, delay or defraud creditors. The transfer was duly recorded and eventually properly listed on the bankruptcy schedules. The debtor did obtain valid consideration for the transfer. He was relieved of a debt of $15,000.00 for the transfer of $5,000.00 worth of equipment. His creditors, other than the original seller, had the opportunity to pursue him, garnish his non-exempt wages and any other property that he had. If he had not transferred the assets, those creditors would have been no better off. He would have encumbered equipment and a personal service income from a sole proprietorship. The creditor could still have garnished the revenues of the business and the result of such a garnishment would have been that the business could not have paid its expenses and would have shut

down. Neither Mr. Green nor any other laboring person is required to labor for the benefit of the creditors and he is not and was not in May of 1989 required to continue to perform labor services to generate non-exempt funds for the benefit of a judgment creditor. The fact that he relieved himself of certain obligations as well as a minimal amount of assets, does not amount to fraud.

Therefore, the Court finds in favor of the debtor and against the plaintiff. Judgment granting the debtor a discharge shall be entered by separate journal entry.